Filed 6/27/14  P. v. Tayborne CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT ANTHONY TAYBORNE, JR.,<br><br>        Defendant and Appellant. | C071611<br><br>(Super. Ct. No. CRF095538) |

A jury found defendant Robert Anthony Tayborne, Jr., guilty of possession of methamphetamine and possession of marijuana for sale.  The trial court subsequently found true the allegation of a prior strike conviction for active participation in a street gang, a prior prison commitment, and an on-bail enhancement.  Defendant was sentenced to eight years four months in state prison.

On appeal, defendant contends the trial court abused its discretion by not dismissing his prior strike conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

We affirm the judgment.

FACTS AND PROCEEDINGS

In November 2009, defendant was charged by information with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and forgery (Pen. Code, § 476; unless otherwise stated, statutory references that follow are to the Penal Code). The People further alleged defendant was convicted of a serious or violent felony (i.e., active participation in a street gang) in 2005 (§ 667, subd. (d)), and served a prior term in prison (§ 667.5).

In April 2012, the People amended the information, adding a charge for possession of marijuana for the purpose of sale. (Health & Saf. Code, § 11359.) The People also included the allegation that defendant committed this crime while out on bail. (§ 12022.1, subd. (b).)

Defendant pleaded not guilty to the charges. Prior to trial, defendant moved the trial court to strike his prior strike conviction. The court denied the motion, acknowledging defendant had a difficult childhood, but noting defendant had engaged in a continuous course of criminal conduct. A jury subsequently found defendant guilty of possessing methamphetamine and possessing marijuana for the purpose of sale; they found him not guilty of forgery. The trial court then found true the enhancement allegations.

Prior to sentencing, the Yolo County Probation Department (the Department) issued a report and recommendation regarding defendant's sentence. The Department recommended defendant be sentenced to an aggregate term of 10 years four months in state prison. In reaching that recommendation, the Department noted defendant's

criminal history. Defendant committed "several assault and weapons-related offenses" as a juvenile, resulting in out-of-home placement, and his performance on juvenile probation was poor. Then, in 2005, defendant was arrested and convicted on the charge of active participation in a street gang, a strike offense for which defendant served time in prison. After his release, defendant twice violated his parole and was returned to prison. Defendant was later convicted of misdemeanor resisting a peace officer (§ 148, subd. (a)(1)), and then was arrested on the crimes for which he was convicted here.

The Department also noted defendant had only a ninth grade education, had a limited history of employment, had been smoking marijuana daily since he was 10 years old, and had been using methamphetamine since he was 18. Moreover, defendant continued to engage in the sale of drugs and other criminal activity, indicating he had not yet learned from his "prior experiences."

At sentencing, defendant renewed his motion to strike a prior strike conviction. Defendant argued his criminal history was significant but not heinous, and most of his crimes were related to substance abuse. Defendant also argued he was not advised that when he was convicted of active participation in a street gang, it would be a strike conviction.

Regarding his current offenses, defendant argued he had a minimal amount of marijuana, the methamphetamine he possessed was consistent with personal use, he was acquitted of the forgery charge, and the crimes were committed while he was distraught from the murder of his brother. Defendant also pointed out he was only 26 years old, was in a long-term relationship, and had a son who wanted defendant to come home. The People opposed the motion; they argued defendant was not outside the spirit of the "Three Strikes" law.

The trial court considered defendant's argument and expressly considered "the nature and circumstances of the defendant's present offense, his prior convictions, his background, character, and prospects." In doing so, the court observed that the current

3

offense was serious and similar to defendant's 2005 conviction for selling methamphetamine. The court also found that, while defendant's prior strike conviction was six years old, it could not be considered remote in time because of "defendant's ongoing criminal activity."

In considering defendant's character and prospects, the court found it relevant that defendant was returned to prison three times for violating his parole. Moreover, the court found defendant was "not simply a drug offender," but was previously convicted of resisting a peace officer and arrested for committing a battery. The court acknowledged defendant was still young, not yet 27 years old, and was in a long-term committed relationship that produced a child. The court nevertheless found defendant's character lacking because, despite having a son, defendant continued to engage in criminal behavior. The court also found it relevant that, although defendant was in a long-term relationship, defendant "ha[d] not provided a supportive relationship for his long-term partner."

The trial court denied defendant's motion and sentenced him to an aggregate term of eight years four months in state prison. Defendant appeals.

DISCUSSION

A trial court may strike a felony conviction for purposes of sentencing if and only if the defendant falls outside the spirit of the Three Strikes law. (*People v. Williams* (1998) 17 Cal.4th 148, 161.) The trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Id.* at p. 161.)

4

Dismissal of a strike is a departure from the sentencing norm, and, as such, we may not reverse the denial of a *Romero* motion unless the defendant shows the decision was an abuse of the trial court's discretion.  (See *People v. Carmony* (2004) 33 Cal.4th 367, 377.)  Reversal is justified where the trial court was unaware of its discretion or applied improper factors.  (*Id.* at p. 378.)  But where the trial court knew of its discretion, " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling.' "  (*Ibid.*)

Since 1996 defendant sustained six juvenile adjudications, including battery and making criminal threats, and three criminal convictions, including possession of methamphetamine, resisting a peace officer, and active participation in a street gang.  In addition, defendant has repeatedly violated probation and parole, and was out on bail when he committed the current offense.

Defendant has not pointed to anything in the record that shows the trial court was unaware of its discretion to dismiss a strike, that it declined to exercise its discretion based on a clearly improper reason, or that it did not properly consider the mitigating factors.  The trial court expressly considered "the nature and circumstances of the defendant's present offense, his prior convictions, his background, character, and prospects."  The court noted defendant's nearly unbroken chain of criminal activity since 1996, his repeated parole violations, his repeated convictions for selling drugs, and the fact that defendant's crimes were not all drug related.  The court also noted defendant's failure to get his life in order to be a good role model for his son, and a supporting partner to his long-term girlfriend.

We find no abuse of discretion.

DISPOSITION

The judgment is affirmed.

                                            _____HULL_____, Acting P. J.

We concur:

_____ROBIE_____, J.

_____BUTZ_____, J.